**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-2074-WJM-CBS

COURTNEY CLARK, Derivatively on Behalf of DaVita, Inc.,

Plaintiff,

v.

KENT J. THIRY,
PAMELA M. ARWAY,
CHARLES G. BERG,
WILLARD W. BRITTAIN, JR.,
CAROL ANTHONY DAVIDSON,
PAUL J. DIAZ,
PETER T. GRAUER,
JOHN M. NEHRA,
WILLIAM L. ROPER,
DAVID T. SHAPIRO, and
ROGER J. VALINE,

Defendants,

DAVITA, INC., a Delaware Corporation,

Nominal Defendant.

and

Civil Action No. 13-cv-1308-WJM-MJW

HAVERHILL RETIREMENT SYSTEM, Derivatively on Behalf of DaVita HealthCare Partners, Inc.,

Plaintiff,

v.

KENT THIRY,
PAMELA ARWAY,
PETER GRAUER,
JOHN NEHRA,
DR. WILLIAM ROPER,

ROGER VALINE,
PAUL DIAZ,
CHARLES BERG,
DR. ROBERT J. MARGOLIS, and
CAROL ANTHONY ("JOHN") DAVIDSON,

Defendants,

DAVITA HEALTHCARE PARTNERS, INC., a Delaware Corporation,

Nominal Defendant.

---

**ORDER GRANTING MOTIONS TO CONSOLIDATE AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

---

These shareholder derivative actions are brought on behalf of DaVita HealthCare Partners, Inc. ("DaVita"). Before the Court are two Motions to Consolidate Actions and Appoint Lead Plaintiff and Lead Counsel ("Motions") filed by Plaintiff Courtney Clark ("Clark") and Plaintiff Haverhill Retirement System ("Haverhill"). (ECF Nos. 54, 55.) Clark and Haverhill seek to consolidate Civil Action No. 12-cv-2074-WJM-CBS (the "Clark Action") with Civil Action No. 13-cv-1308-WJM-MJW (the "Haverhill Action"), and each Plaintiff moves to be appointed Lead Plaintiff.

For the reasons set forth below, Haverhill's Motion is GRANTED, and Clark's Motion is GRANTED in part and DENIED in part.

## I. CONSOLIDATION

Federal Rule of Civil Procedure 42(a) provides that consolidation is appropriate when the actions involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions;

> or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Further, consolidation is committed to the sound discretion of the trial court. *Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-200, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations omitted).

Pursuant to Rule 42(a) and D.C.COLO.LCivR 7.5E, the Court finds that the two actions listed above involve common questions of law or fact, including nearly identical parties[1] and common claims. The Court also finds that consolidation of these two cases will avoid unnecessary costs and delays. The Court notes that consolidation is not opposed by any party to either of the actions. (*See* ECF Nos. 52 at 3; 55 at 2; 58 at 2.)

Accordingly, the Court orders that the above-captioned cases are consolidated and, to the extent they are assigned to different judges, should be reassigned to the undersigned as the District Judge and U.S. Magistrate Judge Craig B. Shaffer. The consolidated cases shall be denominated *In re DaVita HealthCare Partners, Inc. Derivative Litigation*, Civil Action No. 12-cv-2074-WJM-CBS (the "Consolidated Action").

---

[1] Both Plaintiffs bring their respective actions on behalf of DaVita. The named Defendants differ only in that the Clark Action names David Shapiro, DaVita's Chief Compliance Officer, and Willard W. Brittain, Jr., who is no longer a Director on DaVita's Board, while the Haverhill Action names as a defendant a new Director, Dr. Robert J. Margolis.

## II. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

Plaintiff Clark asks the Court to appoint her as Lead Plaintiff in the Consolidated Action, and the law firm representing her, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), as Lead Counsel, with the Shuman Law Firm as Liaison Counsel. (ECF No. 55.) Plaintiff Haverhill asks the Court to appoint it as Lead Plaintiff, and Scott+Scott, LLP, as Lead Counsel, with Dyer & Berens LLP as Liaison Counsel. (ECF No. 54.)

Under Federal Rule of Civil Procedure 23.1, a Lead Plaintiff in a shareholder derivative action must "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1(a). "The decision regarding appointment of [Lead Plaintiff and] Lead Counsel is within the discretion of the Court. The principle that guides the Court's decision is which counsel will best serve the interest of the [class of] plaintiffs." *Horn v. Raines*, 227 F.R.D. 1, 3 (D.D.C. 2005) (internal citations omitted).

Courts have considered a variety of factors when appointing a Lead Plaintiff and Lead Counsel in consolidated derivative actions. Some of these factors include: (1) the quality of the pleadings; (2) the size of the plaintiff's financial stake; (3) whether the plaintiff is an individual or institutional plaintiff; (4) the vigorousness of the prosecution of the lawsuits; and (5) the capabilities of counsel. *In re Bank of Am. Corp. Sec. Derivative & ERISA Lit.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (citing pleading quality, vigor of prosecution, and capabilities of counsel); *Dollens v. Zionts*, 2001 WL 1543524, at *5-6 (N.D. Ill. Dec. 4, 2001) (also discussing financial stake and a preference for

institutional plaintiffs). The Court will discuss each factor below.

**A. Quality of Pleadings**

Haverhill's Motion contends that, because it performed an investigation under the provisions of 8 Delaware Code § 220 and obtained materials from DaVita's Board of Directors, its Complaint incorporating those materials is superior to the Complaint filed in the Clark Action. (ECF No. 52 at 7-10, 13-14.) Clark contends that her original Complaint was legally sufficient, and that because her Amended Complaint incorporates the materials Haverhill obtained in its § 220 request, the two pleadings are substantively equivalent. (ECF No. 55 at 13-15.)

Under Delaware law, applicable to DaVita as a Delaware corporation, a shareholder derivative suit "seeks to displace the board's authority" and must either plead that the board wrongfully refused a demand to bring suit or that it would have been futile to make such a demand. *South v. Baker*, 62 A.3d 1, 13-14 (Del. Ch. 2012). Demand futility may be properly pleaded where the complaint alleges with particularity that the board participated in or knowingly permitted the alleged "corporate trauma", thereby demonstrating the directors' complicity in that trauma and consequential liability for a breach of fiduciary duty. *Id.* at 14. Section 220 investigations can provide documentation and evidence permitting a shareholder plaintiff to properly allege the connection between the underlying corporate trauma and the board, though they are not required where a specific board decision or other particular connection is evident without such an investigation. *Id.* at 23.

The Court has reviewed the initial complaints filed in the Clark Action and the Haverhill Action, and finds that Haverhill's Complaint makes particular allegations with respect to the connection between the board and the alleged corporate trauma, while Clark's original Complaint makes only general allegations with respect to that connection. The Court declines to speculate as to Haverhill's argument that Clark's original Complaint may not have survived a motion to dismiss based upon failure to allege demand futility, but notes that the requirement to plead such allegations with particularity raises the bar well above that set by Federal Rule of Civil Procedure 8. *See South*, 62 A.3d at 23. When comparing the original complaints filed in the two cases here, the Court finds that the Haverhill Complaint is superior due to the inclusion of allegations resulting from the documents acquired in Haverhill's § 220 investigation.

Clark contends that even if her original Complaint was not superior to Haverhill's Complaint, her Amended Complaint is substantively equivalent to Haverhill's, as it incorporates particularized allegations in reliance on the documentation produced in Haverhill's § 220 investigation. (ECF No. 55 at 14-15.) Clark further argues that this Court's holding in an unrelated shareholder derivative case permits any unique information from one complaint to be incorporated into the other, regardless of who is appointed Lead Plaintiff. (*Id.* (citing *Richey v. Ells*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013)).) Plaintiff's citation to *Richey* is misplaced where, unlike in *Richey*, the content of the two complaints here differs substantially. Further, Clark's reliance on the documentation gained through Haverhill's § 220 request in her Amended Complaint could be read as a concession that such information improves the complaint. Thus, the Court finds that Clark's subsequent filing of an Amended Complaint does not alter the

finding that Haverhill's pleading is superior.[2]

In sum, the Court finds that the "quality of the pleadings" factor weighs in favor of Haverhill due to the inclusion of particularized allegations gleaned from its § 220 investigation.

**B. Size of Financial Stake and Institutional Plaintiff Preference**

The next two factors, size of financial stake and institutional plaintiff preference, are considered because they may indicate a party's relative economic incentive to represent the class of shareholders. *See Dollens*, 2001 WL 1543524, at *5 (recognizing Congressional preference for an institutional investor as Lead Plaintiff "due to the fact that institutional investors are most likely to have the largest financial interest in the case.").

Haverhill argues that because it holds a larger number of shares than Clark and it is an institutional plaintiff, both of these factors weigh in its favor. (ECF Nos. 52 at 14; 60 at 8.) Clark admits that Haverhill holds a larger number of DaVita shares and is an institutional plaintiff, but argues that neither of these factors should be determinative and should carry little weight. (ECF No. 55 at 15-16.) Clark contends that because Haverhill is not a large institutional investor, and its financial stake is relatively small as a percentage of all outstanding shares of DaVita stock, its institutional status and

---

[2] Clark further argues that the Court should not give weight to Haverhill's suggestion that she copied its Complaint in drafting her Amended Complaint, because Haverhill first refused to provide Clark with a copy of its Complaint, only later providing a redacted copy. (ECF No. 55 at 7, 15.) The Court has not considered this contention in comparing the pleadings under this factor of the analysis. However, the Court notes that after consolidation, Plaintiffs' respective counsel are expected to fully cooperate in prosecuting this case, and the Court will have little patience for unprofessional or obstructionist behavior.

financial investment does not indicate a greater incentive to litigate the case. (*Id.*) Haverhill does not counter Clark's contention that these factors carry little weight, emphasizing only that they weigh in Haverhill's favor. (ECF No. 60 at 8-9.)

Because Clark has not stated the number of shares she holds, the Court cannot quantify precisely the relative financial stakes held by each Plaintiff. However, because the "institutional investor" factor is relevant only insofar as it represents financial stake, it is relevant that Haverhill is not a large institutional investor, nor does it hold a large percentage of DaVita shares. Accordingly, the Court finds that these factors do not weigh strongly in the analysis here, but to the extent that they carry any weight, they weigh in favor of Haverhill.

**C. Vigorousness of Prosecution and Capabilities of Counsel**

The Lead Counsel analysis includes determining whether one plaintiff has demonstrated greater "energy, enthusiasm or vigor" in the prosecution of the case, as well as whether counsel has the capability of successfully prosecuting the case. *Dollens*, 2001 WL 1543524, at *4. Some courts have also considered the criteria set forth in Fed. R. Civ. P. 23(g)(1) for appointing interim class counsel, discussing the work counsel has done in identifying or investigating potential claims in the action, as well as counsel's experience, knowledge of the applicable law, and resources. *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*, 258 F.R.D. at 272; *In re Comverse Tech. Derivative Litig.*, 2006 WL 3761986 at *2-3 (E.D.N.Y. Sept. 22, 2006).

With respect to the relative capabilities of Plaintiffs' respective counsel, the Court finds that both law firms have significant experience in shareholder derivative litigation

and a history of obtaining favorable results. Both have the resources and expertise to fulfill the role as lead counsel, and are more than qualified to handle this action. Further, neither party's oppositional briefs contest the experience or capabilities of the competing law firm. (*See* ECF Nos. 52 at 15; 55 at 16-19.) Accordingly, the "capabilities of counsel" factor is neutral in the Court's analysis.

However, the Plaintiffs are in disagreement with respect to the "vigorousness of prosecution" factor, each contending that its counsel has demonstrated greater vigor than the other in prosecuting its case. Clark contends that because she was the first to file her case, the Court should find that her counsel acted with greater vigor, while Haverhill argues that its § 220 request demonstrated superior vigor because its more thorough investigation made its Complaint more likely to survive a motion to dismiss. (ECF Nos. 52 at 11-14; 55 at 11-15.)

The Court finds Clark's "first to file" argument unpersuasive here, where Haverhill's delay resulted from its § 220 request, which was made in April 2012, four months before Clark's Complaint was filed in August 2012. (*See* ECF No. 60 at 11.) The Court again finds Clark's citation to *Richey* misplaced, as the *Richey* decision considered the "first to file" factor as a tie-breaker where the other factors were evenly balanced, not as a superseding factor. *See Richey*, 2013 WL 179234 at *2 (citing *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (noting that courts will consider which action was filed first for lead counsel purpose where "there is a need for an objective tie-breaker")).

As discussed above, the Court finds that Haverhill's Complaint benefitted from its § 220 request. This supports a finding that Haverhill's counsel worked more vigorously

to identify and/or investigate potential claims in the action, weighing in favor of appointing Scott+Scott as Lead Counsel. *See In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*, 258 F.R.D. at 272. Thus, Haverhill's decision to make a § 220 request here in an attempt to better substantiate its claim against the Board demonstrated greater vigor with regard to the prosecution of this case.

In conclusion, the Court finds that all the factors it has considered are either neutral or weigh in favor of appointing Haverhill as Lead Plaintiff and its counsel, Scott+Scott, as Lead Counsel.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Interested Party Haverhill's Renewed Motion for Consolidation and Appointment of Lead Plaintiff and Lead Counsel (ECF No. 54) is GRANTED;
2. Plaintiff Clark's Motion to Consolidate Actions and Appoint Lead Plaintiff and Lead Counsel (ECF No. 55) is GRANTED IN PART and DENIED IN PART;
3. Civil Action No. 12-cv-2074-WJM-CBS and Civil Action No. 13-cv-1308-WJM-MJW are CONSOLIDATED, and henceforth shall jointly be entitled *In re DaVita HealthCare Partners, Inc. Derivative Litigation*;
4. Civil Action No. 12-cv-2074-WJM-CBS shall be the lead case and all future filings shall be made in this action;
5. Magistrate Judge Craig B. Shaffer shall be assigned to both of the consolidated actions, and the cases shall henceforth be numbered as Civil Action No. 12-cv-2074-WJM-CBS and Civil Action No. 13-cv-1308-WJM-CBS;

6. Haverhill Retirement System is DESIGNATED as Lead Plaintiff for the Consolidated Action;

7. The law firm of Scott+Scott, LLP is DESIGNATED as Lead Counsel for the Consolidated Action with Dyer & Berens LLP as Liaison Counsel; and

8. The Clerk shall docket a copy of this Order in 13-cv-1308-WJM-CBS.

Dated this 7th day of January, 2014.

BY THE COURT:

William J. Martínez
United States District Judge